IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| American Housing Foundation, | § | Case No.: 09-20232-RLJ |
| | § | |
| Debtor. | § | |
| | § | |
| ──────────────────────── | § | |
| | § | |
| Walter O'Cheskey, as Chapter 11 Trustee, | § | Adversary No. 10-02018-RLJ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| Terrill J. Horton, | § | |
| | § | |
| Defendant. | § | |

## MOTION FOR ENTRY OF SCHEDULING ORDER

Walter O'Cheskey, the chapter 11 trustee (the "**Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), hereby files this *Motion for Entry of Scheduling Order* (the "**Motion**"). In support of the Motion, the Trustee respectfully represents as follows:

1. On January 21, 2011, the Court entered an *Order* [Docket No. 23] (the "**Order**") pursuant to which "[p]roposed scheduling orders, if any, shall be submitted to the Court within thirty (30) days of entry of this order." Order, ¶ 2.

2. Counsel for the Trustee has tried repeatedly to reach an agreement on a scheduling order with Defendant's counsel; however, counsel for Defendant has been completely unresponsive. Accordingly, attached hereto as <u>Exhibit A</u> is a proposed Scheduling Order submitted by the Trustee.

**WHEREFORE**, the Trustee respectfully requests that this Court enter the proposed

Scheduling Order attached hereto as <u>Exhibit A</u> and grant the Trustee all such other and further relief to which he may be justly entitled.

Dated: February 18, 2011

Max R. Tarbox (TX 19639950)

Tarbox Law, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: (806) 686-4448
Fax:    (806) 368-9785

and

<u>/s/ Mo Alturk</u>
Stephen A. McCartin (TX 13374700)
Barry M. Golden (TX 24002149)
Mo Alturk (TX 24069294)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
smccartin@gardere.com
bgolden@gardere.com
malturk@gardere.com

**COUNSEL FOR WALTER O'CHESKEY, CHAPTER 11 TRUSTEE**

### CERTIFICATE OF CONFERENCE

Counsel for the Trustee attempted to confer with counsel for the Defendant on repeated occasions regarding Defendant's agreement to the proposed Scheduling Order attached hereto as <u>Exhibit A</u>. Despite those attempts, counsel for the Trustee never received a response from counsel for Defendant.

<u>/s/ Mo Alturk</u>
Mo Alturk

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing was served electronically by the Court's PACER system on February 18, 2011 on those parties registered to receive such service.

                                        */s/ Mo Alturk*
                                        Mo Alturk

# EXHIBIT A

Case 10-02018-rlj    Doc 31    Filed 02/22/11    Entered 02/22/11 15:18:30    Desc Main
Document    Page 4 of 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| American Housing Foundation, | § § | Case No.: 09-20232-RLJ |
| Debtor. | § § § | |
| Walter O'Cheskey, as Chapter 11 Trustee, | § § | Adversary No. 10-02018-RLJ |
| Plaintiff, | § § § | |
| v. | § § | |
| Terrill J. Horton, | § § | |
| Defendant. | § | |

**[PROPOSED] SCHEDULING ORDER**

The Court hereby **ORDERS** this Scheduling Order.

1.   February 1, 2011.   DISCOVERY SHALL COMMENCE. Any previously-served written discovery or deposition notice, or subpoena (including, without limitation, discovery served in connection with an estimation hearing) shall be deemed, on a going-forward basis, void.

2.  March 1, 2011.   EXPERT WITNESS DESIGNATIONS AND REPORTS: The parties shall list each expert's name, address, and topics of the witnesses' testimony as well as provide all reports to the opposing party by this date.

3.  April 1, 2011.   DISCOVERY SHALL CONCLUDE. All fact and expert witness depositions shall be taken on or before this date and all written discovery requests must be served by this date. Any deposition noticed for date after April 1, 2011 and all written discovery requests served after April 1, 2011 shall not be permitted except by agreement of the parties or permission by the Court upon showing of good cause. An example of good cause might be where a party is able to demonstrate issues arising out of newly-discovered information (*e.g.*, information discovered through documents produced after April 1, 2011).

4.  April 7, 2011.   SUPPLEMENTAL EXPERT DISCOVERY DEADLINE: All additional expert depositions shall be taken and rebuttal expert reports exchanged for evidence discovered after April 7, 2011 ONLY.

    WITNESS & EXHIBIT LISTS. The parties shall exchange lists of witnesses and exhibits for trial.

5.  April 8, 2011   PRETRIAL ORDER CONFERENCE: Parties to meet and confer regarding Pretrial Order.

    INITIAL DEPOSITION DESIGNATIONS: Original designations of deposition testimony are to be exchanged.

    DAUBERT MOTIONS: Motions to strike or exclude expert testimony to be filed and served.

6.  April 11, 2011   PRETRIAL ORDER FILING: Pretrial Order to be filed and served.

    FINDINGS: Proposed Findings of Fact and Conclusions of Law are to be filed and served.

    TRIAL BRIEFS. Trial Briefs are to be filed and served.

    REBUTTAL DEPOSITION DESIGNATIONS AND OBJECTIONS TO INITIAL DEPOSITION DESIGNATIONS EXCHANGED: Rebuttal designations of deposition testimony and notations of objections to original designations are to be exchanged.

7.  April 12, 2011    DAUBERT RESPONSES: Responses to any motions to strike or exclude expert testimony are to be filed and served.

EXHIBIT OBJECTIONS: Objections to exhibits are to be filed and served.

8.  April 13, 2011    OBJECTIONS TO REBUTTAL DESIGNATIONS EXCHANGED: Notations of objections to rebuttal designations of deposition testimony are to be exchanged.

ALL DESIGNATION OBJECTIONS FILED: The parties shall file a single set of notebooks containing all exhibits from all parties, deposition designations (initial and rebuttal) from all parties, and notations of objections to exhibits and deposition designations from all parties.

9.  April 14, 2011    DOCKET CALL: Parties shall appear for Docket call at Room 100, 624 S. Polk St., Amarillo, Texas at 1:30 p.m. to determine the specific time of the trial.

The Court further ORDERS:

A.  Except as modified by this Order, all documents filed or exchanged will comply with the applicable bankruptcy rules of procedure and the local rules of the Northern District of Texas.

B.  All lead trial counsel are responsible for preparing the Pretrial Order. The Pretrial Order shall govern the conduct of the trial. In order to confer on the Pretrial Order, all lead trial counsel shall participate in the telephone conference. All counsel who do not attend this conference shall be assumed to have accepted the Pretrial Order as submitted.

C.  All documents previously marked with exhibit numbers during discovery shall maintain those same exhibit numbers at trial. Documents not previously marked with exhibit numbers during discovery shall be marked at trial sequentially starting with number 400 for Plaintiff's exhibits, and sequentially starting with number 500 for Defendant's exhibits.

D. Objections to exhibits shall identify the objected-to exhibit and shall identify the evidentiary basis of the objection.

E. Designations shall be made physically on condensed transcripts, if available, with the Plaintiff's designations on the left and the Defendant's designations on the right.

F. Notations indicating an objection to any designation shall be noted on the deposition transcript with "PO" for the Plaintiff and "DO" for the Defendant, with such notations being made in the margin next to the objectionable designation.

G. Parties' objections shall be made in a separate document, with references to the page numbers. Such objections shall identify the objected-to designations by deposition or transcript, page, and line, and shall identify the evidentiary basis of the objection. Parties submitting deposition designations of a witness will still be permitted to play any portion of video clips of the witness's designated deposition testimony at trial or to call the witness to testify live at trial.

H. For any witnesses testifying live at trial, the party calling that witnesses shall notify opposing counsel that the witness will be called live at trial no less than seventy-two hours (during business days) prior to the start of the witness's live testimony.

I. To participate at trial, counsel must be in attendance in person. In addition, counsel and other interested persons may listen to the trial by telephone conference, but they shall not participate in the trial and shall arrange and pay for their own telephone conference costs.

J. Parties are strongly encouraged to attend personally for opening statements.

With respect to the deadlines set forth in paragraphs 1-9 of this Order, they may be extended only by agreement of the parties or Court Order. With respect to paragraph 10 of this Order, such deadline may be extended only by Court Order.

### END OF ORDER ###

Prepared and submitted by:


*/s/ Mo Alturk*
Stephen A. McCartin (TX 13374700)
Barry M. Golden (TX 24002149)
Mo Alturk (TX 24069294)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667
smccartin@gardere.com
bgolden@gardere.com
malturk@gardere.com

COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE


2200570v.1